

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 1 2 2013

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WALLACE JACKSON                                                           PLAINTIFF

V.                                    CASE NO.: 13-6025 RTD

PUTNAM TRUCKING OPERATIONS
COMPANY, INC. and ANTHONY J. NEIMERG                    DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Wallace Jackson, by and through his attorneys, Alan LeVar of Taylor A. King & Associates, P.A., and for his cause of action against Defendants, Putnam Trucking Operations Company, Inc. and Anthony J. Neimerg, alleges and states as follows:

I.

That Plaintiff, Wallace Jackson, is an individual whose address is 142 Abney Lane, Houston, Texas 77060.

II.

That Defendant, Putnam Trucking Operations Company, Inc., a Corporation based in Illinois, is organized under the laws of the state of Illinois, and service of process on the Defendant may be effected pursuant to Ark. Code Ann. § 16-58-122 by serving the registered agent of the corporation, Jeanie Putnam at 11970 N. 900th street, Effingham, IL 62401 its registered office.

III.

Defendant, Anthony J. Neimerg, is an individual is a resident of the state of Illinois and may be served process at the following address: 4460 E. 200th Street, Edgewood, IL 62426.

IV.

The subject matter in controversy is within the jurisdiction limits of this court and involves a motor vehicle accident which occurred in Clark County, Arkansas and this Court has jurisdiction over the parties herein. Pursuant to Ark. Code Ann. § 16-60-112, venue in Clark County, Arkansas is proper as all or a substantial part of the events or omissions giving rise to this lawsuit occurred within this county.

V.

On or about August 2, 2011, Plaintiff was situated in a parked 2009 Kenworth Truck when suddenly and without warning a 2004 Freightline Truck being driven by Anthony J. Neimerg stuck Plaintiff's vehicle on the front fender and left front bumper while in the process of making a left-hand turn causing Plaintiff to be thrown about his vehicle thus causing injuries to his body, including but not limited to his neck, back and other general injuries.

VI.

Plaintiff alleges negligence of Defendant, Anthony J. Neimerg in the following respects:

A.  Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.  Defendant failed to keep his vehicle under reasonable control and failed to turn the motor vehicle in an effort to avoid the collision;

C.  Defendant failed to make proper use of the instrumentalities in his control so as to avoid an accident when he saw, or in the exercise of ordinary care should have seen Plaintiff's vehicle;

D.  Defendant failed to bring his vehicle under control or to change or divert its

course when he saw, or in the exercise of ordinary care should have seen, that an accident was about to occur;

Defendant, Anthony J. Neimerg, has a duty to exercise the degree of care that a reasonable careful person would use to avoid harm to others under circumstances similar to those described herein .

Plaintiff's injuries were proximately caused by Defendant, Anthony J. Neimerg negligent, careless and reckless disregard of said duty.

VII.

Plaintiff alleges negligence of Defendant, Putnam Trucking Operations Company, Inc. in the following respects:

A. On August 2, 2010, Defendant, Putnam Trucking Operations Company, Inc., was the owner of the vehicle operated by Anthony J. Neimerg;

B. Defendant, Putnam Trucking Operations Company, Inc. Entrusted the vehicle to Anthony J. Neimerg, a reckless and incompetent driver;

C. Defendant Putnam Trucking Operations Company knew, or through the exercise of reasonable care should have known, that Anthony J. Neimerg was negligent on the occasion in question;

D. As described herein, Anthony J. Neimerg was negligent on the occasion in question and his negligence was the proximate cause of Plaintiff's damages.

E. Actions of Defendant, Anthony J. Neimerg, are imputed to Defendant, Putnam Trucking Operations Company, Inc., as he was an employee of Putnam Trucking Operations

Company, Inc. at the time of this accident.

IX.

As a direct and proximate result of Defendant's negligence, a collision resulted, and Plaintiff suffered physical injuries throughout his body.

X.

As a further direct and proximate result of Defendants Putnam Trucking Operations Company, Inc. and Anthony J. Neimerg's negligence and of Plaintiff's injuries, Plaintiff suffered great pain, suffering, and mental anguish and will continue to suffer these conditions into the future.

XI.

As a further direct and proximate result of Defendant's negligence and of Plaintiff's injuries, Plaintiff was placed under the care of physicians and has incurred medical expenses and will incur medical expenses in the future.

WHEREFORE, the Plaintiff, Wallace Jackson, respectfully prays for judgment against the Defendants, Putnam Trucking Operations Company, Inc. and Anthony J. Neimerg, for compensatory damages, for punitive damages, for a reasonable attorney's fee, and for all other proper relief to which he may be entitled. Plaintiff respectfully demands a trial by jury and reserves the right to plead and amend further herein.

Respectfully Submitted,

Taylor A. King & Associates, P.A.
P.O. Box 972
320 Main Street
Arkadelphia, AR  71923
(870) 246-0505

By: _____
Alan LeVar   (ABN: 96155)